754 P.2d 350

**STATE of Arizona, Appellee,**

v.

**Johnny URAINE, Appellant.**

**No. 1 CA–CR 11265.**

Court of Appeals of Arizona, Division 1, Department A.

May 3, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, Chief Counsel, Criminal Div., and Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Dean W. Trebesch, Maricopa County Public Defender by Mary Lynn Bogle, Deputy Public Defender, Phoenix, for appellant.

OPINION

GREER, Judge.

Following a jury trial, appellant was convicted of driving while under the influence of intoxicating liquor while his license was revoked. He was placed on three years probation and required to serve a mandatory six-month term of imprisonment as a condition of his probation.

The appellant was stopped after a police officer followed him from the parking lot of a bar and noticed that he was driving erratically. The officer asked the appellant to take a field sobriety test. After failing those tests, the officer arrested appellant and took him to the Glendale Police Station. The officer placed appellant in a holding cell and read him his *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). After reading the *Miranda* warnings, the officer asked appellant if he would answer questions, and the appellant agreed to do so. The officer then read him the implied consent form, and appellant stated that he did not want to take the breath test until he talked to his lawyer. The officer subsequently asked appellant questions concerning the offense.

On appeal, appellant argues that the trial court erred in refusing to suppress his statements made after he told the officer he wanted to see his attorney before taking the breath test. More specifically, he

urges that, under *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981), when he told the officer he wanted to talk to his attorney before taking a breath test, he invoked his right to counsel, and all questioning should have ceased at that point.

The facts in this case show that, after receiving the *Miranda* warnings, appellant agreed to talk to the officer and later proceeded to make statements to him. The trial court concluded that appellant's request to talk to counsel was, in effect, a limited request to see an attorney before he decided whether or not he would take a breath test. Absent clear and manifest error, this court will not overrule the trial court's ruling on a motion to suppress. *State v. Montes,* 136 Ariz. 491, 667 P.2d 191 (1983).

In support of the trial court's conclusion, the state relies on *Connecticut v. Barrett,* 479 U.S. 523, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987). In *Barrett,* the defendant was arrested as a suspect in a sexual assault case and given his *Miranda* warnings. Barrett stated that he would not give any written statements unless his attorney was present, but he had "no problem" talking about the incident. *Id.* at 525, 107 S.Ct. at 830, 93 L.Ed.2d at 926. The United States Supreme Court reversed the Connecticut Supreme Court's decision suppressing the statements, holding that when the defendant made clear to the police his willingness to talk about the crime, his decision to waive his *Miranda* rights was voluntary. *Id.* at 527–528, 107 S.Ct. at 831, 93 L.Ed.2d at 927. The court further held that the Connecticut Supreme Court erred in holding that, as a matter of law, Barrett's limited invocation of his right to counsel prohibited all interrogation. The court stated that nothing in its prior decisions "or in the rationale of *Miranda*" required authorities to ignore the tenor or sense of a defendant's response "to these warnings." *Id.* The court found that Barrett's statement concerning an attorney was not a request for counsel that was "all inclusive." The court concluded:

> [W]e know of no constitutional objective that would be served by suppression in this case. It is undisputed that Barrett desired the presence of counsel before making a written statement. ... Barrett's limited requests for counsel, however, were accompanied by affirmative announcements of his willingness to speak with the authorities. The fact that officials took the opportunity provided by Barrett to obtain an oral confession is quite consistent with the Fifth amendment. *Miranda* gives the defendant a right to choose between speech and silence, and Barrett chose to speak.

\*    \*    \*    \*    \*    \*

> ... To conclude that respondent invoked his right to counsel for all purposes requires not a broad interpretation of an ambiguous statement, but a disregard of the ordinary meaning of respondent's statement.

*Id.* at 529–530, 107 S.Ct. at 832, 93 L.Ed.2d at 928.

The facts in this case supported the trial judge's conclusion that, as in *Barrett,* the invocation of the appellant's right to counsel was a limited one. The testimony elicited at the motion to suppress hearing unequivocally showed that appellant asked to speak to a lawyer before making a decision as to whether he would submit to a breath test. This occurred immediately after he was advised of the implied consent law. The appellant's limited invocation of the right to counsel did not operate as a request for counsel for all purposes, and appellant specifically stated he understood his *Miranda* warnings and agreed to answer questions. The trial court did not err in denying appellant's motion to suppress evidence.

The judgment and sentence are affirmed.

JACOBSON, P.J., and HAIRE, J., concur.